UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Patrick Jernigan,<br>    Petitioner,<br>-vs-<br>Johnny Tucker, et al.,<br>    Respondents. | CV 05–3393–PHX–NVW (CRP)<br><br>REPORT AND<br>RECOMMENDATION |

Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 ("Petition"). (Docket 1). Respondent filed an Answer ("Answer") to the Petition on March 29, 2006, with exhibits A through M attached.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Pyle for a Report and Recommendation. The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the Petition. (Docket 1).

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 23, 2003, Petitioner Steven Jernigan ("Jernigan") was indicted in Maricopa County for one count of knowingly possessing equipment or chemicals for the manufacture of methamphetamine, a dangerous drug (Count 1, a class 3 felony), and one

1

count of knowingly possessing methamphetamine, a dangerous drug (Count 2, a class 4 felony).  (Respondent's Exhibit A).  The state alleged that Jernigan had three prior felony convictions for sentence enhancement purposes pursuant to A.R.S. §13-604.  (Exhibit B.)

On September 3, 2003, Jernigan, his counsel, and the State entered into a plea agreement wherein Jernigan agreed to plead guilty to Count 1.  In exchange, the State dismissed Count 2.  (Respondent's Exhibit C, at 1-2.)  The plea agreement set forth the statutory range of 4.5 to 13 years of imprisonment, a presumptive sentence of 6.5 years, and a provision that Jernigan's term is "not to exceed 8.5" years.  (Id.)  Jernigan admitted one prior felony conviction and avowed no more than six prior felony convictions; the State agreed not to allege any other prior felony convictions.  (Id.)

On October 8, 2003, the trial court entered judgment of conviction and imposed an aggravated term of 8.5 years of imprisonment.  The trial judge cited "defendant's six prior felony convictions, considering that a good number of these are crimes of victims, it's apparent that the defendant is a hopeless drug addict with little or no prospect of rehabilitation.  So long as he remains in the community, he's a threat to the community.  These are aggravating factors." (Petitioner's Exhibit 4, at 7-8).

On November 7, 2003, Jernigan filed a notice of post-conviction relief. (Respondent's Exhibit D.)  On April 2, 2004, Jernigan's appointed counsel filed a notice that she had reviewed the record, could find no colorable claims to raise, and requested that Jernigan be afforded the opportunity to file a pro-se petition for post-conviction relief. (Respondent's Exhibit E.)  Jernigan did so on April 22, 2004; none of the claims in the petition are raised in the pending petition for writ of habeas corpus.  (Respondent's Exhibit F.)  On July 22, 2004, the trial court rejected all claims except for one: the court

reduced the fine from $1800 to $1000, to comply with the amount agreed to in the plea agreement. (Respondent's Exhibit G)

On July 19, 2004, Jernigan's counsel filed a pleading entitled: "Notice that Pro Per Rule 32 Defendant Received a Sentence Above the Presumptive, Possibly in Violation of *Blakely v. Washington*[1]." (Respondent's Exhibit H). On November 29, 2004 the trial court rejected the *Blakely* claim on the grounds that Defendant's sentence "was aggravated based upon Defendant's multiple prior felony convictions, an aggravating factor excluded by *Blakely*." (Respondent's Exhibit J, at 1.) On or about December 17, 2004, Jernigan submitted a petition for review to the Arizona Court of Appeals, raising only the *Blakely* claim. (Respondent's Exhibit K.) On September 1, 2005, the court of appeals denied review without comment. (Respondent's Exhibit M.)

On October 25, 2005, Jernigan filed the pending petition for writ of habeas corpus, claiming that his aggravated term of imprisonment over the presumptive violated his Sixth Amendment right to a jury trial in violation of *Blakely*.

## DISCUSSION

### Standard of Review

The writ of habeas corpus is available to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The District Courts' standard of review is described as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any

---

[1] 542 U.S. 296, 124 S.Ct. 2531 (2004).

3

claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
28 U.S.C. §2254(d).

**Timeliness**

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1). The running of this one-year statute of limitations on habeas petitions for state convictions is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court. See 28 U.S.C. § 2244(d)(2). Thus the statute of limitations is tolled during the pendency of a state court action for post-conviction relief. 28 U.S.C. § 2244(d)(2).

**Exhaustion**

An application for writ of habeas corpus shall not be granted unless the applicant has exhausted the remedies available in the courts of the State, there is an absence of available State corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1). This requirement of exhaustion is designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Generally, a prisoner may satisfy the exhaustion requirement by one of two methods. First, a petitioner may actually exhaust his claims by providing the state court

4

with an opportunity to review the facts and legal theories in a procedurally appropriate manner. In order to actually exhaust his claims, a petitioner must fairly present the federal claims to the state courts; this means that a petitioner must present the state courts with the same claim he urges upon the federal courts. *Id.* at 275-76. A state court must be alerted to the fact that a petitioner is asserting a claim under the United States Constitution. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). It is not enough to present the state court with only the facts necessary to state a claim of relief, nor to make a general appeal to a constitutional guarantee as broad as due process. *Gray v. Netherland*, 518 U.S. 152, 163 (1996). Mere similarity between claims of state and federal error is also insufficient to establish exhaustion. *Shumway v. Payne*, 223 F.3d 982, 988 (9th Cir. 2000)(citing *Hivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999)). A petitioner must make the federal basis of a claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001)(quoting *Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999)).

A second form of exhaustion, "technical exhaustion," can be demonstrated by showing either that a state court found a claim defaulted on procedural ground, or, if the claim was never presented in any forum, that no state remedies remain available to the petitioner. The exhaustion requirement refers only to remedies still available at the time of the federal petition. This means no state remedies are available, as when a petitioner has failed to present his claims in state court and can no longer raise them through any

state procedure. *Gray*, 518 U.S. at 161-62; *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). The procedural bar which gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence. It thus prevents federal habeas corpus review of the claim, unless the petitioner can demonstrate cause and prejudice for failing to raise the claims in earlier proceedings. *Gray*, 518 U.S. at 162.

If a claim has never been presented to the state court, a federal habeas corpus court may determine whether state remedies remain available. *See Harris v. Reed*, 489 U.S. 255, 269-70 (1989); *Teague v. Lane*, 489 U.S. 288, 298-99 (1989).

Rule 32.1 of the Arizona Rules of Criminal Procedure allows a defendant to seek post-conviction relief on the ground that his conviction was in violation of the Constitution of the United States. Ariz. R. Crim. P. 32.1(a). Arizona Rule of Criminal Procedure 32, however, governs when a petitioner may seek relief in post-conviction proceedings and raise federal constitutional challenges to their convictions or sentences in state court. Under Rule 32.2, relief is barred on any claim which could have been raised in a prior Rule 32 petition for post-conviction relief, with the exception of certain claims which fall under sub-sections (d) through (h) of Rule 32.1, and which were justifiably omitted from a prior petition.[2]

---

[2] d. The person is being held in custody after the sentence imposed has expired;
 e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
 (1) The newly discovered material facts were discovered after the trial.
 (2) The defendant exercised due diligence in securing the newly discovered material facts.
 (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
 f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
 g. There has been a significant change in the law that if determined to apply to defendant's case would probably
(continued ...)

Furthermore, Rule 32.4(a) requires that a petition for post-conviction relief must be filed within 90 days of the entry of judgment and sentence, or 30 days after the issuance of the order and mandate in the direct appeal, whichever is later.  See Ariz. R. Crim. P. 32.4(a).  Again, the exceptions to this requirement are claims asserted under sub-sections (d) through (h) of Rule 32.1.  Ariz. R. Crim. P. 32.4(a).

So a procedural default for purposes of federal habeas review occurs when a state court invokes the procedural bars of Rule 32.2 and 32.4, Arizona Rules of Criminal Procedure.  These bars reject a petitioner's attempt to revive an unexhausted federal claim in state court.  The rejection establishes an adequate and independent state ground barring the petitioner from raising these claims in state proceedings, thus creating the procedural default for federal habeas review.

### ANALYSIS

### 1) Timeliness

A review of the petition suggests it was timely filed.  Respondents concede the petition is timely.  This Court recommends that the District Court find the petition is timely filed.

### 2) Exhaustion

This Court must consider whether Petitioner raised the claim as a federal claim before the trial court and the court of appeals.  Respondents do not claim that other state options remain open.  A review of the petition suggests that Jernigan's state options have

---

( ... continued)
overturn the defendant's conviction or sentence; or

h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.
17 A.R.S. Rules Crim.Proc., Rule 32.1 (2000).

been exhausted. In this case, Petitioner raised the *Blakely* issue less than thirty days after the Supreme Court filed it Opinion, and he pursued that claim to an appellate determination in state court. This Court recommends that the District Court find that Jernigan has filed the pending petition after he exhausted the remedies available in the courts of the State

### 3) Blakely-Violation in Considering Disallowed Factors

Next, this Court must consider whether the sentencing judge took into account *Blakely*-disallowed factors to arrive at an aggravated sentence. That is, did the judge, under the standard of review of §2254 cases, apply *Blakely* in an unreasonable manner or in a manner that was contrary to clearly established federal law?

In *Blakely v. Washington*, the U.S. Supreme Court affirmed its earlier ruling that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 542 U.S. 296 (2004). The Arizona Supreme Court has applied *Blakely* to Arizona's sentencing scheme. It has "held that the 'statutory maximum' for purposes of *Apprendi* and *Blakely* is the presumptive sentence established for the defendant's crime." *State v. Brown*, 129 P.3d 947, 951 (Ariz. 2006). Furthermore, the Arizona Supreme Court has held:

> Under A.R.S. §13-702, the existence of a single aggravating factor exposes a defendant to an aggravated sentence. Therefore, once a jury finds or a defendant admits a single aggravating factor, the Sixth Amendment permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in that statute.

*State v. Martinez*, 115 P.3d 618, 625 (Ariz. 2005). Hence, in Arizona, if a judge increases a sentence above the presumptive, she needs only to find and use one *Blakely*-

allowed factor, like a prior conviction admitted to by a defendant.

First, in Jernigan's case, the presumptive was 6.5 years and the maximum under the plea agreement was 8.5 years. The sentencing judge clearly increased Jernigan's sentence past the statutory maximum, arriving at an aggravated sentence and triggering *Blakely* concerns. *State v. Brown*, 129 P.3d at 951.

Second, in his Rule 32 order, the trial judge rejected Jernigan's *Blakely* claim, writing:

> Any fact that increases a penalty beyond the statutory maximum must be submitted to a jury "[o]ther than the fact of a prior conviction." *Blakely v. Washington* . . . Defendant's sentence was aggravated based upon Defendant's multiple prior felony convictions, an aggravating factor excluded by Blakely.
> (Respondent's Exhibit J, at 1)

Here the trial judge only considered prior convictions as past aggravating factors. So this order does not suggest the judge acted in an unreasonable manner or a manner that was contrary to clearly established federal law.

Third, Jernigan and his Rule 32 counsel point to the transcript of the sentencing and the trial judge's comments as a possible *Blakely* violation. In that transcript, the State informs the judge about Jernigan's numerous past felonies, their drug-related nature, and Jernigan's continued involvement in the drug-subculture. The trial judge states:

> [F]rom the Defendant's six prior felony convictions, considering that a good number of these are crimes of victims, it's apparent that the defendant is a hopeless drug addict with little or no prospect of rehabilitation. So long as he remains in the community, he's a threat to the community. These are aggravating factors...
> (Petitioner's Exhibit 4, at 1)

The trial judge has clearly named at least one prior conviction as an aggravating factor. Jernigan has admitted at least one prior conviction in his plea agreement, and has avowed that he has no more than six prior felony convictions. (Respondent's Exhibit C, at 1-2). Hence under *Martinez* above, when Jernigan admitted the single aggravating factor, he

9

exposed himself to an aggravated sentence. No sentence or clause in the sentencing transcript points to anything other than his prior convictions and their drug-related nature. Once one conviction has been established, the judge is free to impose the maximum sentence of 8.5 years within the plea agreement.

The sentencing transcript does not suggest the judge acted in an unreasonable manner or a manner that was contrary to clearly established federal law. The most significant and relevant consideration raised by the prior felony convictions is the likelihood a defendant will re-offend when he is released. The court's comments, while perhaps harsh, merely reflect a common sense conclusion from defendant's extensive criminal history that he is likely to re-offend. Considerations of evidence beyond the fact of the prior convictions were not utilized or required. Even under *Blakely*, these convictions need not be presented to a jury before the court can rely on them in sentencing. Since the sentencing judge considered only *Blakely*-exempt factors to arrive at an aggravated sentence, there was no *Blakely* violation and Jernigan's petition must fail.

### 4) Retroactivity

Finally, this Court must consider whether this case presents an issue of the retroactive application of *Blakely*. Despite the State's contention that *Blakely* does not apply retroactively, Jernigan is not asking this court for a retroactive application of *Blakely*, nor arguing that the state court failed to apply *Blakely*. As the state court did address the *Blakely* issue, there is no issue here about whether or not Jernigan should get the benefit of *Blakely* retroactively. The only issue is whether or not the law was applied correctly. As stated above, the trial judge did apply *Blakely* correctly so Jernigan's

petition fails on its merits.

## RECOMMENDATION

This Court recommends that the District Court, after its independent review of the record, dismiss this action with prejudice.

Pursuant to Title 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following number: **CV 05-3393-PHX-NVW**.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the attorneys for the Plaintiff and for the Defendant.

Dated this 11th day of December, 2006.

_____
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE